*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-BG-629

IN RE CHIDINMA M. IWUJI, RESPONDENT.

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 478118)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(DDN 007-18)

(Decided: January 2, 2020)

Before GLICKMAN and FISHER, *Associate Judges*, and NEBEKER, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Ad Hoc Hearing Committee (the Committee) recommends approval of a petition for negotiated attorney discipline. *See* D.C. Bar R. XI, § 12.1(c). The petition is based on Respondent's voluntary acknowledgement that she engaged in commingling of funds and failed to maintain complete records

of entrusted funds, in violation of D.C. Rules of Professional Conduct 1.15(a). Disciplinary Counsel stipulated that it could not prove Respondent engaged in misappropriation of entrusted funds or that any client or third party was prejudiced or harmed by Respondent's handling of entrusted funds and failure to maintain complete records of those funds. The proposed discipline is a public censure with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that the proposed disposition is not unduly lenient or inconsistent with dispositions imposed for comparable professional misconduct. Accordingly, it is

ORDERED that respondent Chidinma M. Iwuji is hereby publicly censured and shall comply with the following conditions: (1) Respondent shall take three hours of pre-approved continuing legal education related to the maintenance of trust accounts, record keeping, and/or safekeeping client property, and shall certify and provide proof that she met this requirement to the Office of Disciplinary Counsel within six months from the date of this opinion; (2) Respondent shall execute a waiver allowing Dan Mills, Manager of the Practice Management Advisory Service of the District of Columbia Bar and/or the assigned practice monitor to communicate

directly with Disciplinary Counsel regarding her compliance; and (3) Respondent shall remain in full compliance with the practice monitor's requirements for a period of twelve consecutive months, sign an acknowledgment that she is in compliance with these requirements, and file the acknowledgment with Disciplinary Counsel no later than two years after the date of this opinion.

*So ordered.*